Presented to the Court by the foreman of the Grand Jury in open Court, in the presence of the Grand Jury and FILED in the U.S. DISTRICT COURT at Seattle, Washington.

JULY 15, 2015

WILLIAM M. McCOOL, Clerk

By _____ Deputy

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

UNITED STATES OF AMERICA,            ) CASE NO. CR15-239 RSM
                                     )
            Plaintiff,               ) INDICTMENT
                                     )
      v.                             )
                                     )
RAMSY ANTON,                         )
                                     )
            Defendant.               )
                                     )

The Grand Jury charges that:

### COUNTS 1 to 5
### (Wire Fraud)

**A.   Background**

1.   Charlie's Produce is a produce distributor located at 4103 2nd Avenue South, Seattle, Washington. Charlie's Produce distributes produce to grocery stores in several states in the Pacific Northwest.

2.   From approximately May 2013 to December 2014, Defendant RAMSY ANTON worked as an Accounts Payable Representative (AP Rep) at Charlie's Produce. His duties included processing vendor invoices, verifying order information, and paying

INDICTMENT / ANTON – 1

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

vendors. To complete these duties, Charlie's Produce allowed him access to its corporate banking accounts.

**B.     The Scheme and Artifice to Defraud**

3.      Beginning at a date uncertain, but no later than July 28, 2014, and continuing through November 17, 2014, within the Western District of Washington and elsewhere, Defendant RAMSY ANTON devised and intended to devise a scheme and artifice to defraud Triple B Corporation (dba Charlie's Produce) and to obtain money by means of materially false and fraudulent pretenses, representations, and promises.

4.      The essence of the scheme and artifice to defraud was for RAMSY ANTON to use his access to the Charlie's Produce accounting system to redirect funds to his own bank account. RAMSY ANTON made changes directly to the accounting system to wire funds to himself and also impersonated a Charlie's Produce vendor to request that Charlie's Produce change the vendor's payment information so that payments intended for the vendor would instead be sent to RAMSY ANTON'S personal bank account. As a result of this scheme to defraud, RAMSY ANTON obtained approximately $180,615.96.

**C.     Manner and Means of the Scheme and Artifice to Defraud**

5.      It was part of the scheme and artifice to defraud and to obtain money by false pretenses that RAMSY ANTON deliberately betrayed his employer's trust by conducting unauthorized transfers from corporate accounts into his personal bank account.

6.      It was further part of the scheme and artifice to defraud and obtain money by false pretenses that, between July 28, 2014 and September 22, 2014, RAMSY ANTON accessed the Charlie's Produce account on three separate occasions and caused corporate funds to be wired to his personal bank account. He was not authorized by Charlie's Produce to access its bank account and use its funds for this purpose, and he did not reimburse Charlie's Produce for these transfers. The unauthorized transfers totaled approximately $51,992.26.

7. It was further part of the scheme and artifice to defraud and obtain money by false pretenses that RAMSY ANTON altered purchase orders and created fake invoices to conceal his unauthorized transfers by making it appear that payments needed to be made to a vendor named Sky Valley Foods. RAMSY ANTON further concealed the transfers by changing the payment information for Sky Valley Foods to redirect fraudulent payments to his personal bank account.

8. It was further part of the scheme and artifice to defraud and to obtain money by false pretenses that RAMSY ANTON created an email account using a vendor's name, specifically Carpinito Brothers. RAMSY ANTON used the fictitious account to falsely represent that he was a Carpinito Brothers employee authorized to affect accounting transactions between Charlie's Produce and Carpinito Brothers.

9. It was further part of the scheme and artifice to defraud and to obtain money by false pretenses that RAMSY ANTON used the fictitious email account to transmit communications to Charlie's Produce and deceive it into changing the method by which Carpinito Brothers was to receive vendor payments. Purporting to represent Carpinito Brothers, RAMSY ANTON instructed Charlie's Produce to make vendor payments via an electronic transfer of funds into his personal bank account.

10. It was further part of the scheme and artifice to defraud and to obtain money by false pretenses that between November 10, 2014 and November 17, 2014, RAMSY ANTON caused Charlie's Produce to make electronic fund transfers it believed were being made as vendor payments to Carpinito Brothers, when in fact the fund transfers were made to a personal bank account owned and controlled by RAMSY ANTON. The unauthorized electronic fund transfers totaled $128,623.70.

11. It was further part of the scheme and artifice to defraud and to obtain money by false pretenses that RAMSY ANTON created false accounting software entries, false documents, and false identities to conceal the nature of his fraud.

### D. Execution of the Scheme and Artifice to Defraud

12. Between July 28, 2014, and November 17, 2014, within the Western District of Washington, and elsewhere, for the purpose of executing and attempting to execute this scheme and artifice to defraud by wire communication, and to obtain money by means of materially false and fraudulent pretenses, representations, and promises, RAMSY ANTON knowingly transmitted and caused to be transmitted, by wire in interstate and foreign commerce, the following transmissions:

| Count | Date | Wire Transmission |
|---|---|---|
| 1. | July 28, 2014 | An electronic fund transfer in the amount of $15,557.38 from Charlie's Produce's Key Bank account number xxxxxxxx8247 to RAMSY ANTON's JP Morgan Chase account number xxxxx0260, which transmitted a wire and signal that traveled in interstate commerce. |
| 2. | August 11, 2014 | An electronic fund transfer in the amount of $23,558.70 from Charlie's Produce's Key Bank account number xxxxxxxx8247 to RAMSY ANTON's JP Morgan Chase account number xxxxx0260, which transmitted a wire and signal that traveled in interstate commerce. |
| 3. | September 22, 2014 | An electronic fund transfer in the amount of $12,856.18 from Charlie's Produce's Key Bank account number xxxxxxxx8247 to RAMSY ANTON's JP Morgan Chase account number xxxxx0260, which transmitted a wire and signal that traveled in interstate commerce. |
| 4. | November 10, 2014 | An electronic fund transfer in the amount of $75,449.70 from Charlie's Produce's Key Bank account number xxxxxxxx8247 to RAMSY ANTON's JP Morgan Chase account number xxxxx0260, which transmitted a wire and signal that traveled in interstate commerce. |
| 5. | November 17, 2014 | An electronic fund transfer in the amount of $53,174.00 from Charlie's Produce's Key Bank account number xxxxxxxx8247 to RAMSY ANTON's JP Morgan Chase account number xxxxx0260, which transmitted a wire and signal that traveled in interstate commerce. |

All in violation of Title 18, United States Code, Section 1344 and Section 2.

## ALLEGATION OF FORFEITURE

1. The allegations contained in the above paragraphs of this Indictment are hereby re-alleged and incorporated herein by reference for the purpose of alleging forfeitures to the United States pursuant to Title 18, United States Code, Section 981(a)(1)(c), and Title 28, United States Code, Section 2461.

2. Upon conviction of the offense charged in Counts 1-5, in violation of Title 18, United States Code, Section 1343, RAMSY ANTON shall forfeit to the United States of America, pursuant to Title 18, United States Code, Section 981(a)(1)(c), and Title 28, United States Code, Section 2461, any and all property, real or personal, that constitutes or is derived, directly or indirectly, from proceeds traceable to the offenses. The property to be forfeited includes, but is not limited to, a sum of money representing the proceeds obtained as a result of the offenses charged in Counts 1-5 of this Indictment.

3. Substitute Assets. If any of the above-described forfeitable property, as a result of any act or omission of the Defendant:

    i. cannot be located upon the exercise of due diligence;
    ii. has been transferred or sold to, or deposited with, a third party;
    iii. has been placed beyond the jurisdiction of the Court;
    iv. has been substantially diminished in value; or
    v. has been commingled with other property which cannot be subdivided without difficulty;

the United States of America shall be entitled to forfeiture of substitute property pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 28, United States Code, Section 2461(c).

4. The United States also seeks a money judgment in the amount of $180,615.96, representing the proceeds involved in, and obtained as a result of, the offenses charged in Counts 1 – 5 of this Indictment.

INDICTMENT / ANTON – 5

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

All pursuant to Title 18, United States Code Section 981(a)(1)(c), and Title 28, United States Code Section 2461.

A TRUE BILL:

7-15-2015

DATED:
Signature of Foreperson redacted pursuant to the policy of the Judicial Conference of the United States.

FOREPERSON

ANNETTE L. HAYES
United States Attorney

JAMES D. OESTERLE
Assistant United States Attorney

NICHOLAS MANHEIM
Assistant United States Attorney

INDICTMENT / ANTON – 6